IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-116-D

| | |
|---|---|
| KIMBERLY ANN COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAITLIN A. REISNER, | ) |
| KRISTI REEDER, and | ) |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

Kimberly Ann Collins ("plaintiff" or "Collins") resides in North Carolina and filed suit against Caitlin A. Reisner, Kristi Reeder, and Prudential Insurance Company of America ("Prudential"). Collins seeks to void a designation of beneficiary that her now deceased husband, Kevin Collins, executed in Iowa in December 2009. In the designation, Kevin Collins named Caitlin A. Reisner, Kristi Reeder, and the Kevin Collins Family Trust as beneficiaries under a life insurance policy or policies that Prudential issued. Collins contends that Kevin Collins lacked the requisite capacity to change beneficiaries when he executed the form in December 2009.

Reisner and Reeder reside in Iowa and have filed a motion to dismiss or transfer, arguing that this court lacks personal jurisdiction over them. Reisner and Reeder admit, however, that personal jurisdiction and venue would be proper in the United States District Court for the Northern District of Iowa.

As explained below, the court grants the motion to transfer, and transfers the action to the United States District Court for the Northern District of Iowa. In light of this ruling, the court declines to address plaintiff's pending motion to amend her complaint.

I.

Kevin Collins moved to Iowa from North Carolina on October 29, 2009, and resided in Iowa until his death. Def.'s Mot. Dismiss, Reisner Aff. ¶ 6. When Kevin Collins moved he was suffering from a terminal illness. In December 2009, Kevin Collins executed a designation of beneficiary form removing his wife, Kimberly Collins, and naming Caitlin Reisner, Kristi Reeder, and the Kevin Collins Family Trust as beneficiaries. See Compl. ¶ 11. According to Kimberly Collins, Kevin Collins was heavily medicated when he changed the beneficiaries and, therefore, was not competent to execute the designation of beneficiary form. Id. ¶¶ 12–13. Kevin Collins died on March 7, 2010. When Kevin Collins died, he was married to Kimberly Collins and was insured under a Prudential life insurance policy or policies. See Compl. ¶ 9.

Reisner and Reeder contend that Collins was competent to execute the designation of beneficiary form. According to Reisner, Kevin Collins executed the designation of beneficiary form with the assistance of two attorneys, Ben Lange and Brian Eddy, in Buchanan County, Iowa on December 11, 2009. Def.'s Mot. Dismiss, Reisner Aff. ¶ 7. Dr. Julie Sandell also signed a letter stating that she was present when Kevin Collins executed the designation form and stated that he understood his actions. Prudential's Answer, Ex. F.

Kimberly Collins filed suit in the Eastern District of North Carolina naming Reisner, Reeder, and Prudential as defendants [D.E. 1].[1] Collins seeks to have her husband's designation of beneficiary voided, which would leave Collins as the sole beneficiary under the life insurance policy or policies. Compl. ¶ 16. Reisner and Reeder filed a motion to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer the action to the Northern District of

---

[1] Collins also named Kathy Blayer and Kim Gadison as defendants in the complaint; however, Collins voluntarily dismissed Blayer and Gadison from the action on September 2, 2010 [D.E. 25].

2

Iowa where Reisner and Reeder alleged venue was proper and they would be subject to personal jurisdiction [D.E. 11]. Prudential then filed its answer, as well as a counterclaim and cross-claim in interpleader pursuant to 28 U.S.C. § 1335 [D.E. 18]. Collins answered, and admitted all allegations contained in Prudential's counterclaim [D.E. 26]. Collins filed a response to Reisner and Reeder's motion to dismiss [D.E. 27], in which Collins contended the defendants were subject to personal jurisdiction for Collins' claim due to Prudential's statutory interpleader action. Pl.'s Resp. Mot. Dismiss ¶ 4. Collins also maintains venue is proper in this district. Id. ¶¶ 9, 11. Defendants Reisner and Reeder filed a motion to dismiss Prudential's claims for insufficient service of process or, alternatively, to transfer Prudential's claim to the Northern District of Iowa, Eastern Division [D.E. 29]. Finally, Collins filed a motion to amend her complaint to add additional information regarding Reeder's contacts with North Carolina [D.E. 32].

II.

Personal jurisdiction is typically determined before venue. However, when sound justification exists for doing so, a court may consider venue first. See, e.g., Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). A court does not need personal jurisdiction over defendants to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); O'Neal v. Hicks Brokerage Co., 537 F.2d 1266, 1268 (4th Cir. 1976); Koehring Co. v. Hyde Constr. Co., 324 F.2d 295, 297–98 (5th Cir. 1963); Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 515–16 (4th Cir. 1955). Questions regarding transfer under section 1404(a) are committed to the sound discretion of the district court. See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991). Under 28 U.S.C. § 1404(a), a district court may transfer a case for the convenience of the parties and witnesses, in the interest of justice, to any other district where the

3

action might have been brought. See 28 U.S.C. § 1404(a). Additionally, a district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. See 28 U.S.C. § 1406(a). Even if venue is proper in the transferor court, transfer may be made under section 1406(a) for any reason which constitutes an impediment to a decision on the merits. See, e.g., Porter v. Groat, 840 F.2d 255, 257–58 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 494 (E.D.N.C. 2006).

Courts consider numerous factors in determining whether transfer is appropriate. These factors include the convenience of the witnesses, where the events occurred that gave rise to the action, the residences of the parties, plaintiff's initial choice of forum, the availability of compulsory process, and the law which will govern the dispute. See Collins v. Straight, Inc., 748 F.2d 916, 921–22 (4th Cir. 1984); Jenkins, 464 F. Supp. 2d at 493–94; Hardee's Food Sys., Inc. v. Rosenblatt, 44 F. Supp. 2d 767, 770 (E.D.N.C. 1998). Plaintiff's choice of forum is ordinarily accorded considerable weight, but that weight is lessened when the conduct giving rise to the complaint did not occur in the forum. See, e.g., Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D. Va. 2003); Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

Here, plaintiff contests Kevin Collins' competency to execute the beneficiary designation form in December 2009. As mentioned, Kevin Collins was residing in the Northern District of Iowa when he executed the designation. Most, if not all, of the non-party witnesses and evidence relating to Kevin Collins' competency in December 2009 are located in the Northern District of Iowa. These witnesses include: Amy Payton, a Cedar Valley Hospice social worker, attorneys Ben Lange and Brian Eddy, and Dr. Julie R. Sandell. See Def.'s Mem. Supp. Mot. Dismiss Cross-claim 2. A trial in Iowa would be more convenient and less costly than a trial in North Carolina. Moreover, this court cannot compel key non-party witnesses to attend a trial in this district. See, e.g., Fed. R. Civ.

4

P. 45(c)(3)(A)(ii); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3851 (3d ed. 2007) ("Often cited as the most important factor . . . is the convenience of witnesses, most particularly non-party witnesses who are important to the resolution of the case."). These non-party witnesses are subject to process in Iowa, but not in North Carolina. Additionally, to the extent that state law governs the issue of Kevin Collins' competency, Iowa law will apply. Moreover, venue is proper in the United States District Court for the Northern District of Iowa. See 28 U.S.C. § 1391(a). Therefore, transfer is appropriate under section 1404(a).

Alternatively, even if venue is proper in this district, transfer may also be appropriate under section 1406(a) in light of the potential impediment to a decision on the merits. See, e.g., Porter, 840 F.2d at 257. Plaintiff's ability to obtain personal jurisdiction over the defendants in the Eastern District of North Carolina remains in doubt. Although Reisner and Reeder dispute being subject to personal jurisdiction in the Eastern District of North Carolina, they admit to such jurisdiction in the Northern District of Iowa. Def.'s Mot. Dismiss ¶¶ 3–5. Therefore, transfer is appropriate under 28 U.S.C. § 1406(a).

Having considered the entire record, the convenience of the parties and the potential witnesses, and the interest of justice, this dispute would best be resolved in the United States District Court for the Northern District of Iowa, Eastern Division. Accordingly, the court grants defendants' motions to transfer venue. See 28 U.S.C. §§ 1404(a), 1406(a).

III.

Defendants Reisner and Reeder's motions to transfer venue [D.E. 11, 29] are GRANTED. Moreover, the court DECLINES to rule on plaintiff's motion to amend the complaint [D.E. 32]. The court leaves the resolution of that motion to the transferee court. The action is transferred to the United States District Court for the Northern District of Iowa, Eastern Division.

5

Case 7:10-cv-00116-D   Document 43   Filed 11/05/10   Page 5 of 6

SO ORDERED. This 5 day of November 2010.

JAMES C. DEVER III
United States District Judge

6